JOHN HARPELL *v.* CHARLES CURTIS and others.

Where, in the court below, additional evidence was admitted, after the parties had once rested, but before the case had been finally submitted, and while they and their witnesses were all present; *held*, that the matter was in the discretion of the justice, and that a judgment will not be reversed for such a departure from the usual course of proceeding, the opposing party not having been prejudiced thereby.

In determining his own manner of using the public highway, a party has a right to rely upon ordinary prudence in the use of it by others, not to justify carelessness in himself, but to warrant him in pursuing his own business in a convenient manner.

Accordingly, the proprietor of an omnibus line is liable for an injury resulting from either the negligence of the driver in his employ, or from the defective construction of a stage used on the line, where the party receiving the injury has not contributed to it by his own fault.

Upon a question of fact, the finding of a justice is the same in its effect as the verdict of a jury.

APPEAL from the fourth district justice's court. The plaintiff sued the defendants, who owned a line of stages, for injuries to his horse and cart, in consequence of a dangerous collision with an omnibus in charge of a person employed by the defendants. The stage was driven through a deep hole, the tongue or pole broken, and the stage brought violently in contact with the plaintiff's horse, whose head was turned to the street, and also with the cart. The horse and cart were entrusted to a servant, who, at the time of the accident, was near the place where they were standing.

The plaintiff recovered judgment, and the defendants appealed.

On the trial, after the testimony had once closed, the justice permitted the plaintiff to introduce additional testimony, under the circumstances indicated in the opinion. This formed the subject of an exception on the part of the defendants, and was urged by their counsel as ground for a reversal of the judgment.

*John Newhouse*, for appellants, insisted, 1st, that there was no negligence on the part of the defendants; 2d, that in the

condition in which the street then was, the accident was inevitable ; and 3d, that there was carelessness on the part of the plaintiff.

*Daniel E. Sickles* and *John B. Haskin*, for respondent.

BY THE COURT. WOODRUFF, J.—The opening of a case for further testimony, after the parties have rested, is in the discretion of the justice, while the parties, with their witnesses, are all present, and when it does not appear that the opposing party is in any wise prejudiced. We will not reverse a judgment for a mere departure from the usual course of proceedings, in relieving a party from the consequence of declaring an intention to offer no further testimony, when, upon a moment's reflection, he discovers that some evidence which he deems important has been overlooked. There was in this case no *final* submission previous to the admission of the further proof.

Upon the evidence, we cannot say that the justice found so against the proof, or so erred in the application of any rules of law, as to call for our reversal of the judgment. The defendants' driver knew there was a hole in the pavement. He had seen it before. He should have driven so slowly through it (if he could not avoid it) as not to endanger the pole of his stage ; and if proper caution in driving was not sufficient to prevent that danger, he should have turned to another street. Or if this did not suit his convenience, he should have taken care to use a stage of strength sufficient to bear the inequalities over or through which he knew he was to drive. If it be assumed, as the defendants claim, that the driver was prudent in the management of his horses, and in the speed with which he drove, the presumption from the breaking of the pole is, that it was defective or insufficient for the purpose, and this presumption was not rebutted by any proof whatever. In no just sense can the collision be ascribed to inevitable accident.

Nor can we say that the injury to the plaintiff resulted from the negligence of his servant. Admitting the legal principles

urged by the counsel for the appellants, the question was purely one of fact, upon which the finding of the justice was not so against the evidence that it ought to be set aside. We would not set aside the verdict of a jury in a like case, and the finding of the justice is to be treated in effect as such a verdict. The plaintiff's servant had, it is true, turned his horse's head towards the middle of the street, but this is not necessarily negligence. He was near, watchful, ready to turn the horse at any moment, and probably would have succeeded in avoiding injury from any one passing in the usual, customary and proper manner. In the use of the public highway, a party has a right to expect from others ordinary prudence, at least, and to rely upon that in determining his own manner of using the road; not to justify his own foolhardiness, but to warrant him to pursue his own business in a convenient manner, where he has no reason to suppose the convenience or safety of others will be prejudiced thereby.

The judgment must be affirmed with costs.